UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DIANNA MARIE GRAHAM

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY

CIVIL ACTION

NUMBER 13-294-SCR

## RULING ON SOCIAL SECURITY APPEAL

Plaintiff Dianna Marie Graham brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security ("Commissioner"), denying her claim for disability and supplemental security income ("SSI") benefits.

Based on the standard of judicial review under § 405(g), a careful review of the entire administrative record as a whole, and the analysis that follows, the Commissioner's decision is affirmed.

### Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial

evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981);

*Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical

3

criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925. The criteria in the medical listings are demanding and stringent. *Falco v. Shalala,* 27 F.3d 160, 162 (5th Cir. 1994).

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 40 years old at the time of the administrative law judge's ("ALJ") decision.[1] Plaintiff attended school through the eighth grade and her past relevant work consisted of employment as a cashier, stocker, construction and paper mill worker, hotel

---

[1] Plaintiff's age placed her in the category of a "younger person." 20 C.F.R. § 404.1563(c); § 416.963(c). Under the regulations the plaintiff's educational level is limited. 20 C.F.R. § 404.1565(b)(3); § 416.965(b)(3).

4

housekeeper, and food server. AR pp. 33-36, 151, 165-71. Plaintiff stated in her application that she became disabled and no longer able to work beginning August 10, 2010 due to HIV/Aids and emphysema. AR pp. 120-150.

After her applications were denied at the initial stages the plaintiff requested an ALJ hearing. The hearing was held and after it the ALJ issued an unfavorable decision. AR pp. 14-56. The ALJ found at the second step that the plaintiff had the following severe impairments - chronic obstructive pulmonary disease (COPD) and human immunodeficiency virus (HIV) induced headaches. AR p. 19. At the third step the ALJ concluded that the plaintiff's combination of severe impairments did not meet or medically equal the severity of any listed impairment. The ALJ stated that the evidence failed to document the medical findings necessary to satisfy the requirements of Listing 3.02 (Chronic pulmonary insufficiency) or Listing 3.03 (Asthma). The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite her severe impairments, the plaintiff was able to do any of her past relevant work or other work in the national economy.[2] The ALJ found the plaintiff had the RFC to perform

---

[2] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis. It is the foundation of the findings at steps four and five. 20 C.F.R. § 404.1545; § 416.945.

sedentary work as defined in the regulations,[3] except that the plaintiff could not climb ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Plaintiff also had to avoid unprotected heights and dangerous moving machinery and avoid concentrated exposure to gases, fumes, and other pulmonary irritants. AR pp. 21, 54.

Given this RFC and based on the testimony of the vocational expert, the ALJ concluded that the plaintiff would not be able to perform any of her past relevant work.[4] However, based on the plaintiff's age, education, work experience and RFC, the ALJ again relied on the expert's testimony and found that the plaintiff would be able to make a successful adjustment to other work that existed in significant numbers in the national economy, namely, work as an order caller, callout operator or surveillance system monitor. Therefore, the ALJ concluded at the fifth step that the plaintiff is not disabled. AR pp. 24-25, 53-55.

---

[3] The regulations define a sedentary exertional level of work as follows:
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a); § 416.967(a).

[4] The expert testified that all of the plaintiff's past work was classified as light, medium or heavy. AR p. 52.

In her appeal memorandum the plaintiff argued that the following errors require reversal and remand under sentence four of § 405(g): (1) the ALJ erred by failing to consider whether the plaintiff met the requirements of Listing 14.08k; (2) the ALJ erred by failing to find the plaintiff's headaches and peripheral neuropathy are severe impairments; (3) the ALJ erred by ignoring the vocational expert's response to an expanded hypothetical incorporating a limitation resulting from the side effects of HIV treatment - headaches, nausea, vomiting and peripheral neuropathy; and, (4) the ALJ erred by failing to make a specific finding that the plaintiff can sustain work activities on a regular and continuous basis.

## Analysis

**Step Two Claim of Error: Plaintiff failed to establish the ALJ erred in determining the severity of her impairments at the second step.**

Plaintiff argued that it was error for the ALJ not to find that her headaches and peripheral neuropathy were severe at step two. Plaintiff also argued that the ALJ's decision does not demonstrate that she applied the severity standard the Fifth Circuit requires under *Stone v. Heckler*.[5]

Review of the record and the ALJ's decision shows that this claim of error is unsupported. Essentially for the reasons

---

[5] 752 F.2d 1099 (5th Cir. 1985).

7

explained by the Commissioner,[6] the record demonstrates the ALJ applied the correct legal standard at step two and that substantial evidence supports the ALJ's severity determination. Under *Stone*, an impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. *Stone*, 752 F.2d at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir.1984) and citing *Martin v. Heckler*, 748 F.2d 1027, 1032 (5th Cir.1984); *Davis v. Heckler*, 748 F.2d 293, 296 (5th Cir.1984)).

Review of the ALJ's decision shows that she cited *Stone* and applied the correct standard for determining whether an impairment is severe. AR p. 19. Contrary to the plaintiff's argument, the record shows that the ALJ found the plaintiff's HIV-caused headaches was a severe impairment. AR p. 19. The ALJ's later statement that the evidence did not show the headaches were debilitating in nature, did not contradict this severity finding. Review of the decision shows that the ALJ made this statement in the context of assessing the extent of limitations resulting from the severe headaches in order to determine the plaintiff's residual functional capacity. AR pp. 21-23. Thus, at step two there is no

---

[6] Record document number 14, Defendant's Opposition Memorandum, pp. 9-10.

8

error with regard to the plaintiff's headaches. Insofar as the ALJ did not find that the plaintiff's alleged peripheral neuropathy was a severe impairment, that finding was also supported by substantial evidence. As explained by the Commissioner, although the record contained evidence of the plaintiff's subjective complaints of numbness and weakness, the objective evidence in the record did not support these complaints or that the plaintiff had peripheral neuropathy.[7]

**Step Three Claim of Error: Plaintiff failed to establish the ALJ committed reversible error at the third step of the disability analysis.**

Plaintiff argued that there is sufficient evidence to find that she met the requirements of Listing 14.08K. Review of the ALJ's decision does not indicate that the ALJ specifically considered whether the plaintiff's HIV infection satisfied Listing 14.08K. AR p. 21. However, the plaintiff failed to establish a basis to reverse the ALJ's decision on this ground, and substantial evidence supports the ALJ's finding that the plaintiff did not meet the criteria of any listed impairment at the third step.[8]

At the third step, an impairment cannot meet the criteria of a listing based only on a diagnosis. For a claimant to show that

---

[7] *Id.* at 9.

[8] The ALJ concluded the plaintiff did not satisfy the requirements of Listings 3.02 or 3.03. AR p. 21. Plaintiff did not dispute this finding.

9

her impairment matches a listed impairment she must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, *supra*; 20 C.F.R. §§ 404.1525(d); 416.925(d).

Listing 14.08K covers HIV infection. The listing requirements are as follows:

> K. Repeated (as defined in 14.00I3) manifestations of HIV infection, including those listed in 14.08A-J, but without the requisite findings for those listings (for example, carcinoma of the cervix not meeting the criteria in 14.08E, diarrhea not meeting the criteria in 14.08I), or other manifestations (for example, oral hairy leukoplakia, myositis, pancreatitis, hepatitis, peripheral neuropathy, glucose intolerance, muscle weakness, cognitive or other mental limitation) resulting in significant, documented symptoms or signs (for example, severe fatigue, fever, malaise, involuntary weight loss, pain, night sweats, nausea, vomiting, headaches, or insomnia) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
> 2. Limitation in maintaining social functioning.
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

Thus, Listing 14.08K requires not only the existence of HIV, but repeated manifestations of HIV infection such as those set forth in Listings 14.08A through 14.08J, that occur with the frequency and duration required by 14.00I3.[9]  Plaintiff cited

---

[9] Under 14.00I3, "repeated" is defined as follows:
[T]he manifestations occur on an average of three times a year, or once every 4 months, each lasting 2 weeks or more; or the manifestations do not last for 2 weeks but
(continued...)

10

numerous pages of the record which she contends establish her disability under this listing.[10] However, as pointed out by the Commissioner, the evidence the plaintiff cited consists primarily of her subjective complaints, and fails to establish all of the required, medically documented findings.[11] Because the plaintiff failed to show that the record includes the evidence demonstrating she can meet her burden at the third step with regard to Listing 14.08K, the ALJ's failure to specifically address this listed impairment did not affect the plaintiff's substantial rights, and is a harmless error.[12] The ALJ's finding at the third step that the

---

[9](...continued)
occur substantially more frequently than three times a year or once every 4 months; or they occur less frequently than an average of three times a year or once every 4 months but last substantially longer than 2 weeks. Your impairment will satisfy this criterion regardless of whether you have the same kind of manifestation repeatedly, all different manifestations, or any other combination of manifestations; for example, two of the same kind of manifestation and a different one. You must have the required number of manifestations with the frequency and duration required in this section. Also, the manifestations must occur within the period covered by your claim.

[10] Record document number 10, Memorandum in Support of Plaintiff's Appeal of the Commissioner's Denial of Social Security Disability Benefits, pp. 5-8.

[11] These are (1) that they occur with the frequency and duration required by the regulations; and, (2) that they result in marked limitations in daily activities, social functioning, or completing tasks in a timely manner. Record document number 14, Defendant's Opposition Memorandum, p. 6.

[12] *See*, *Audler*, 501 F.3d at 449; *Garcia v. Astrue*, 2012 WL
(continued...)

plaintiff is not disabled under any of the medical listings is supported by substantial evidence.[13]

**Step Five Claim of Error: Plaintiff failed to establish error at step five, and the ALJ's finding the plaintiff could do other work is supported by substantial evidence.**

Plaintiff argued the ALJ should have adopted the vocational expert's response to the hypothetical question, which included a limitation accounting for the need to take additional rest periods and breaks beyond those allowed in a customary work day. The expert's answer to this question was that such an individual would not have the ability to engage in the three jobs he identified – order caller, callout operator, or surveillance system monitor. AR pp. 54-56. According to the plaintiff, this evidence shows that

---

[12](...continued)
13716 (S.D.Tex. Jan. 3, 2012); *Smith v. Astrue*, 2012 WL 3779146 (E.D.La. Aug. 13, 2012)(where record did not demonstrate plaintiff could meet burden of demonstrating that listing requirements were satisfied, ALJ's failure to analyze a listing at step three is harmless error).

The primary policy underlying the harmless error rule is to preserve judgments and avoid waste of time. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). Thus, procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. Procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Id.; Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988).

[13] *See, Selders v. Sullivan*, 914 F.2d 614, 619-20 (5th Cir. 1990).

the ALJ should have found her disabled at the fifth step.[14]

Plaintiff's argument is unsupported, and thus unpersuasive. Plaintiff's argument is essentially that the ALJ should have relied on the evidence that she claims supports a finding that she is disabled. This argument is not grounds for reversing the ALJ's decision. There is no error when an ALJ fails to accept and rely on a vocational expert's answer to a hypothetical question which contains limitations that are not supported by the objective evidence of record and, accordingly, the ALJ does not recognize.[15] Rather, if the ALJ asks the vocational expert a hypothetical question that includes the claimant's relevant age, education and work experience, and which reasonably incorporates the limitations supported by substantial evidence and recognized by the ALJ, the expert's response to the question provides substantial evidence to support the finding that the claimant can do other work.[16]

---

[14] Given the plaintiff's nonexertional limitations, the ALJ properly obtained vocational expert testimony to support the finding at the fifth step. It is well established that if a claimant has nonexertional limitations, the ALJ is required to obtain vocational expert testimony to support her findings at step five. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir.1994); *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir.1995).

[15] *See*, *Gardner v. Massanari*, 264 F.3d 1140 (5th Cir. 2001)(per curiam); *Snell v. Chater*, 68 F.3d 466 (5th Cir. 1995)(per curiam).

[16] The hypothetical question presented to the expert must incorporate reasonably all the impairments and limitations of the claimant recognized by the ALJ, and the claimant or his
(continued...)

The record shows that the limitations in the ALJ's RFC finding are supported by substantial evidence.[17] Therefore, the vocational expert's answer, identifying jobs the claimant can do, is substantial evidence on which the ALJ relied to support the finding that the plaintiff is able to do other work that exists in significant numbers in the national economy.[18]

Plaintiff also argued that the ALJ was required to make a determination that she could perform sustained work activities.

---

[16](...continued)
representative must be given the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting any purported defects in the question. The impairments and limitations of the claimant recognized by the ALJ and included in the hypothetical must be supported by the evidence. *Bowling*, 36 F.3d at 436; *Boyd*, 239 F.3d at 707; *Carey*, 230 F.3d at 145; *Masterson*, 309 F.3d at 273. The record reflects that the plaintiff's attorney was given a full opportunity to question the expert at the administrative hearing. AR pp. 55-56.

[17] See, e.g., AR pp. 65-68, 254-64 (reports of state agency consultant and consultative examination), 41, 43, 46-48, 157-61 (daily activities); 225-26 (x-rays); 219, 230, 233, 235, 237, 239, 268-69, 217 (clinic notes and records showing the plaintiff is capable of normal activities with effort).

[18] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications. It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work. However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy. 20 C.F.R. § 404.1566(a); § 416.966(a).

Therefore, the ALJ erred by failing to appropriately consider whether she could sustain work activity due to the recurrent and intermittent nature of her impairments, symptoms and treatment.

This argument is not supported by the record. An ability to maintain employment is inherent in the definition of residual functional capacity. Unless the record reflects that a claimant's condition is sporadic and intermittent such that it would prevent the claimant from sustaining or maintaining employment, the ALJ is not required to make a specific finding with regard to the ability to maintain employment. *See*, *Frank v. Barnhart*, 326 F.3d 618, 621 (5th Cir. 2003); *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005). Despite the plaintiff's assertions, the medical and other objective evidence of record does not support the claim that the affects of her impairments and treatment are such that it was necessary for the ALJ to make a specific finding on her ability to maintain employment.[19]

**Conclusion**

Plaintiff's claims of error are without merit. The record considered as a whole supports the conclusion that the proper legal standards were applied and that substantial evidence supports the determination that the plaintiff is not disabled.

Accordingly, under sentence four of 42 U.S.C. § 405(g), the

---

[19] See, portions of record cited in footnote 17.

final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application for disability and supplemental security income benefits filed by plaintiff Dianna Marie Graham is affirmed.

A separate judgment will be issued.

Baton Rouge, Louisiana, March 23, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE